IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Gregory Palmore, #248827, | ) | Civil Action No. 9:08-2465-GRA-BM |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| v. | ) | |
| | ) | |
| Greenville Detention Center, | ) | |
| Dr. Sherman, and | ) | |
| Nurse Eastergard, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ _____ | ) | |

This matter comes before the Court for review of the magistrate's Report and Recommendation filed on March 11, 2009 made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(d) (D.S.C.). On December 22, 2008, the Defendants filed a motion for summary judgement pursuant to Federal Rule of Civil Procedure 56. In response, Plaintiff filed a surreply on March 3, 2009, to which the Defendants' responded with a filing on March 9, 2009. The magistrate now recommends that the Plaintiff's motion for summary judgment be denied, that the Defendants' motion for summary judgment be granted, and that this case be dismissed.

Plaintiff brings this claim *pro se.* This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to

allow for the development of a potentially meritorious claim. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.*

In order for objections to be considered by a United States District Judge, the objections must specifically identify the portions of the Report and Recommendation to which the party objects and the basis for the objections. FED. R. CIV. P. 72(b); *see United States v. Schronce*, 727 F.2d 91,94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985). "Courts have . . . held *de novo* review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Furthermore, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

The plaintiff has not offered any objections which meet this standard. On March 10, 2009, the plaintiff filed a document entitled "Appeal of Judgement" which this Court will construe as an attempted objection to the Report and Recommendation. In this objection, the plaintiff argues that because another inmate was able to settle his case in which he had a staph infection, he too should be entitled to relief. This is an insufficient objection to the Report and Recommendation and fails to provide a sound legal basis for avoiding summary judgement.

After reviewing the record, and the Report and Recommendation this Court finds that the magistrate applied sound legal principles to the facts of this case. Therefore, this Court adopts the magistrate's Report and Recommendation in its entirety.

Accordingly, the Plaintiff's motion for summary judgment is DENIED, the Defendants' motion for summary judgment is GRANTED, and this case is DISMISSED.

IT IS SO ORDERED.

G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

Anderson, South Carolina

April 2, 2009

## NOTICE OF RIGHT TO APPEAL

Petitioner is hereby notified that he has the right to appeal this Order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure. Failure to meet this deadline, as modified within Rule 4, will waive the right to appeal.